UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
NOV 1 4 2005

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| HARVEY FIELDS, JR., | CIV. 05-4142 |
| Plaintiff, |  |
| vs. | ORDER ALLOWING PLAINTIFF TO AMEND HIS COMPLAINT |
| CHERYL LUDENS, Case Manager, |  |
| Defendant. |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff is an inmate at the Federal Prison Camp in Yankton, South Dakota. He alleges that his case manager, Cheryl Ludens, "discriminated against him because he failed to complete a voluntary residential drug treatment program. . . . by refusing Plaintiff 10% comunity (sic) correction placemant (sic) as afforded other inmates of Pliantiff's (sic) status." For relief he requests ". . . the defendant to pay wages that I would have earned if I was not discriminated against." His complaint has been screened as is required by 28 U.S.C. § 1915(b)(2).

### ANALYSIS

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pled in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995).

While not entirely clear, it appears Mr. Fields is complaining that he should have been allowed into a work release program. An incarcerated prisoner does not have a liberty interest (constitutional right) to participate in a work release program. Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666 (8th Cir. 1996). "Protected liberty interests under the Fourteenth Amendment may arise from the Due Process Clause itself or from State laws." Callender at 668

(internal citation omitted). Because Mr. Fields is a federal prisoner, state laws do not apply and need not, therefore, be considered. "... [T]he dispositive characteristic that marks the point at which the Due Process Clause itself implies a liberty interest... is the fact of release from incarceration." Callender at 668 (internal citation omitted). At the time of Mr. Callender's termination from his work program, his situation was more analogous to institutional life than it was to probation or parole. Work release privileges have to be earned, and Mr. Callender was not qualified for those privileges at the time his work release program was terminated. Mr. Callender's work release program, therefore, did not provide the sort of substantial freedom which gives rise to a liberty interest protected by the Due Process Clause.

As it was with Mr. Callender, Mr. Fields has failed to allege facts sufficient to show that he has a liberty interest in the program into which Cheryl Ludens refused to place him. Mr. Fields is allowed until December 23, 2005 to amend his complaint to allege facts which show he has a liberty interest in the program into which he was denied entry by Cheryl Ludens. If Mr. Fields fails to amend his complaint by December 23, 2005, it will be recommended that his complaint should be dismissed. If Mr. Fields does amend his complaint by December 23, 2005 his complaint will be re-screened as is required by 28 U.S.C. § 1915(e)(2). It is, therefore,

**ORDERED** that plaintiff amend his complaint not later than December 23, 2005.

Dated this 14th day of November, 2005.

BY THE COURT:

/s/ John Simko
John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: Jackie Meuserheimer, Deputy

(SEAL)

2